IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRITTNEY TYUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-211-WKW |
| | ) | [WO] |
| VIRGINIA COLLEGE and | ) | |
| EDWARD DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brittney Tyus, a former nursing student, filed suit on March 31, 2015, against Defendants Virginia College, LLC, and Dr. Edward Davis,[1] alleging that she had been the victim of sexual harassment in violation of Title IX of the Education Amendments of 1972.  Ms. Tyus specifically contends that Dr. Davis, while acting as her instructor, repeatedly subjected her to sexual harassment and when she reported his conduct to Virginia College's administration, Dr. Davis responded by lowering her grades and falsely accusing her of cheating.  In sum, she argues that the actions of Dr. Davis and the deliberate indifference of Virginia College's

---

[1] As discussed in the Recommendation, Dr. Davis has not yet been served with a summons and copy of the Complaint.  Moreover, he has not appeared to defend himself against Ms. Tyus's claims.  Because the relevant agreements do not indicate that Ms. Tyus's claims against Dr. Davis are subject to arbitration and no party has argued to the contrary, the resolution of Virginia College's motion to compel arbitration may be undertaken in Dr. Davis's absence.

administration resulted in her being denied full participation in and the benefits of Virginia College's services.

In response to Ms. Tyus's complaint, Virginia College filed a motion to compel arbitration and/or motion to dismiss.  (Doc. # 6.)  Upon referral (Doc. # 5), the Magistrate Judge recommended that Virginia College's motion to compel arbitration and/or motion to dismiss be denied and a trial set to determine whether a binding arbitration agreement as required under § 2 of the Federal Arbitration Act exists and whether Ms. Tyus assented to binding arbitration under Alabama law. (Doc. # 13.)   Virginia College filed a timely Objection (Doc. # 17) to the Recommendation.

After careful consideration of the record, the applicable case law, the arguments of counsel, and the Recommendation, the court finds that the Recommendation is due to be adopted, Virginia College's motion (Doc. # 6) is due to be denied without prejudice, and a trial is due to be set to determine whether a binding arbitration agreement as required under § 2 of the Federal Arbitration Act exists and whether Ms. Tyus assented to binding arbitration under Alabama law.

## I.  STANDARD OF REVIEW

The court reviews *de novo* "those portions of the . . . [R]ecommendation[ ] to which objection is made."  28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

Throughout the present litigation, Virginia College has maintained that Ms. Tyus's claims against it are subject to binding arbitration agreements. As evidence, it offered copies of two electronically signed enrollment and tuition agreements, each including an arbitration provision, and two stand-alone arbitration agreements.[2] Virginia College explained that, per the school's standard student-enrollment procedures, Ms. Tyus executed these agreements while meeting with an Enrollment Specialist and only after she first executed an "Electronic Signature (E-Sign) Consent Form."

Ms. Tyus, however, "unequivocally denie[d]" signing or being made aware of the arbitration agreements proffered by Virginia College.  (Doc. # 8, at 1.)  Ms. Tyus explained that, during each of her enrollment meetings, she sat across the desk from the Enrollment Specialists as they executed the agreements on their computers without ever making her aware of the documents they were completing.  In addition to her affidavit detailing her recollection of the enrollment meetings, Ms. Tyus

_____

[2] In its Objection, Virginia College notes that Ms. Tyus actually executed six agreements containing arbitration provisions, two for each time she went through the school's enrollment procedures.  Virginia College did not submit or otherwise discuss the arbitration agreements produced during Ms. Tyus's June 2013 enrollment prior to its Objection to the Recommendation. Accordingly, they are not the subject of the present motion to compel arbitration.  However, the court notes that, while Virginia College emphasizes the fact that Ms. Tyus has not "mention[ed] or address[ed]" this third set of arbitration agreements, that failure also arguably supports her contention that she was unaware of the arbitration agreements prior to this litigation.  (Doc. # 17, at 2, n.1.)

offered as evidence the affidavit of a fellow nursing student, who similarly described a one-sided enrollment process whereby an Enrollment Specialist completed the online process without the student's knowledge as to the agreements being executed. (Doc. # 8, Ex. B.)

Evaluating the parties' arguments, the Magistrate Judge explained that it is well established that "[t]he party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer 'some evidence' to substantiate the denial." *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993). Applying that standard, the Magistrate Judge explained that Ms. Tyus had offered an affidavit unequivocally denying that she entered into an arbitration agreement with Virginia College and submitted "some evidence" sufficient to carry her burden in the form of the sworn, detailed testimony of another Virginia College student who experienced a materially similar enrollment process to that of Ms. Tyus. Accordingly, the Magistrate Judge recommended that Virginia College's motion to compel arbitration and/or motion to dismiss be denied and a hearing set to determine whether a binding arbitration agreement as required under § 2 of the Federal Arbitration Act exists and whether Ms. Tyus assented to binding arbitration under Alabama law.

Virginia College filed a timely Objection (Doc. # 17) to the Recommendation, in which it argues that the Magistrate Judge erred in two primary respects. First,

Virginia College contends that the Magistrate Judge inaccurately noted that Ms. Tyus contested the execution of the Electronic Signature and Consent Form.  Rather, it suggests that Ms. Tyus never contested the signing of that agreement and its execution served to put her on notice as to the forthcoming enrollment and arbitration agreements.  Second, Virginia College argues that regardless of whether Ms. Tyus actually executed the various enrollment and arbitration agreements herself, she is bound by their terms because she knew they were required for her to attend classes at the school; therefore, she assented to the terms of the agreements "each day that she appeared for class."  (Doc. # 17, at 4.)

As to Virginia College's first contention, a close reading of the record evidences the accuracy of the Magistrate Judge's recitation of Ms. Tyus's contentions.  While Ms. Tyus was most explicit in her denial of ever executing an arbitration agreement or enrollment agreement incorporating an arbitration provision, Ms. Tyus's affidavit clearly explains that the only thing she personally completed during her enrollment meeting was the password set-up.  She stated that, immediately after she created and entered her password, the Enrollment Specialist assumed control and visibility of the computer and completed the full enrollment process without her ever knowing the substance of that process.  (Doc. # 8, Ex. A.) Reviewing the Declaration of Juanita Patrick, one of Virginia College's Enrollment Specialists, it is clear that the Electronic Signature and Consent Form is completed

*after* a student creates and enters their password. (Doc. # 6, Ex. B.) Accordingly, the Magistrate Judge correctly determined that Ms. Tyus disputed ever executing the Electronic Signature and Consent Form, as it too was allegedly completed by the Enrollment Specialist without Ms. Tyus's knowledge.

Virginia College's second objection to the Recommendation is also without merit. Virginia College argues that Ms. Tyus's personal execution of the enrollment and arbitration agreements is unnecessary, because her participation in Virginia College classes is sufficient to evidence her assent and ratification of the agreements. However, Ms. Tyus's challenge to Virginia College's enrollment process is two-fold. Not only does she contend that she did not execute the enrollment and arbitration agreements necessary to compel arbitration of her claims, but she explicitly asserts that she was not even aware of the agreements' existence. (Doc. # 18.) Accordingly, Virginia College's assent and ratification arguments are without weight, as Ms. Tyus cannot be found to have assented to agreements of which she was unaware until the present litigation. *See Williams v. Gen. Elec.*, 13 F. Supp. 3d 1176, 1184 (N.D. Ala. 2014) (applying the general principles of contract law to arbitration provisions in employee handbooks and explaining that "an offeree cannot actually assent to an offer unless he knows of its existence" (quoting 1 Williston on Contracts § 4:16 (4th ed.))).

### III.  CONCLUSION

Accordingly, it is ORDERED as follows:

1.      Virginia College, LLC's Objection (Doc. # 17) is OVERRULED;

2.      The Recommendation (Doc. # 13) is ADOPTED;

3.      Virginia College, LLC's Motion to Compel Arbitration and/or Motion

to Dismiss is DENIED without prejudice with leave to renew if appropriate; and

4.      A bench trial in accordance with 9 U.S.C. § 4 to determine whether a

binding arbitration agreement as required under § 2 of the Federal Arbitration Act

exists and whether Ms. Tyus assented to binding arbitration under Alabama law is

set for **July 28, 2015, at 9 a.m.** in Courtroom 2-B of the Frank M. Johnson, Jr. U.S.

Courthouse, One Church Street, Montgomery, Alabama.

5.      No later than **July 23, 2015, at 12:00 p.m.**, each party shall file a list

of all its witnesses and shall provide to all other parties the addresses and telephone

numbers of all witnesses, except witnesses to be used solely for impeachment

purposes, separately identifying those whom the party expects to present and those

whom the party may call if the need arises.  Unless specifically agreed between the

parties or allowed by the court for good cause shown, the parties shall be precluded

from calling any witness not so identified.

6.      No later than **July 23, 2015, at 12:00 p.m.**, each party shall file its

exhibit list and furnish opposing counsel for copying and inspection all exhibits and

tangible evidence to be used at the trial.  The list shall identify specifically and

separately by exhibit number each document to be offered, and general or bulk

designations are not allowed.  Proffering counsel shall have such evidence marked

for identification prior to trial.  Unless specifically agreed between the parties or

allowed by the court for good cause shown, the parties shall be precluded from

offering such evidence not so furnished and identified, with the exception of

evidence to be used solely for the purpose of impeachment.

  DONE this 1st day of June, 2015.

           /s/ W. Keith Watkins
          CHIEF UNITED STATES DISTRICT JUDGE